No. 36,874

C. A. CRACRAFT, *Appellee*, v. THE KANSAS POWER AND LIGHT
COMPANY, *Appellant*.

(181 P. 2d 318)

JAMES P. COLEMAN, judge. Opinion
filed June 7, 1947.

*Philip E. Buzick* and *Robert E. Russell*, both of Topeka, argued the cause,
and *Clayton E. Kline, M. F. Cosgrove, Balfour S. Jeffrey, Robert E. Russell*,
and *Willard N. Van Slyck, Jr.*, all of Topeka, were with them on the briefs for
the appellant.

*Charles W. Ward*, of Peabody, argued the cause, and *D. M. Ward*, of Pea-
body, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for damages alleged to have
resulted from defendant's refusal to perform its duty under our
statute relating to the moving of houses, etc., upon highways (G. S.
1935, 17-1914 to 17-1920). The trial court overruled defendant's
general demurrer to plaintiff's petition and defendant has appealed.

Briefly stated, the petition alleged that plaintiff is a duly licensed
operator and chauffeur engaged in the business of a private carrier
and mover of buildings under the authority of permits duly issued,
and resides at Peabody, Marion county; that defendant is a Kansas
corporation engaged in the sale and distribution of electric light and
power to the public and maintains electric wires strung on poles
across the public highways, specifically at the intersection of State
Highway No. 14 with another highway about a mile north of Lyons,
in Rice county; that prior to June 20, 1946, plaintiff entered into an
agreement with one Poteete to move a house from the city of Pea-

body to the vicinity of Great Bend and it was necessary to cross State Highway No. 14; that more than twenty-four hours prior to June 20, 1946, plaintiff made application to the county clerk of Rice county for a permit to move the house so as to pass the place where defendant's electric power wires were strung across the intersection of the roads above mentioned; that the county clerk duly issued the permit and also issued a written notice to defendant of the time and place where the removal of the poles or the cutting, raising or otherwise interfering with defendant's electric wires would be necessary, which notice plaintiff personally served upon defendant's authorized managing agent at Lyons, Kansas; that on June 20, 1946, plaintiff proceeded with the house on his truck and trailers or moving dollies until he reached the place on State Highway No. 14 where defendant's electric power wires were strung on poles across the highway, which prevented plaintiff's further progress; that plaintiff was unable to proceed farther because defendant's agents and employees there present refused to raise the wires so as to allow plaintiff, with the house so loaded, to pass under them; that defendant, through its agent, wrongfully demanded of plaintiff that he pay to defendant a deposit of $25 to defray expense of raising the electric wires; that plaintiff refused to put up such deposit, "but then and there offered and assured defendant that after said wires were raised plaintiff would promptly pay his share of the necessary expense incurred by defendant in raising said wires, according to law," but the defendant refused and failed to raise the electric power wires; that it was too dangerous for plaintiff to raise the wires and "he was unable to hire competent and experienced workmen or linemen to raise the said wires." It was further alleged that as a result of such refusal and failure of defendant, plaintiff incurred certain expense and suffered certain damages, which were detailed.

The pertinent statute provides that no person shall move any house of the height of sixteen feet or more upon or across any highway of the state outside of an incorporated city upon which electric power wires are strung without first obtaining a permit therefor (17-1914). The permit is issued by the county clerk upon application and the payment of a fee, and if it is necessary to cut, move, raise, or otherwise interfere with such wires the application shall state the name of the owner thereof and the time and place when the work will be necessary (17-1915). The county clerk is required to give as much as twenty-four hours' written notice to the owner or

operator of the wires of the time and place the work upon the wires will be necessary (17-1916). The petition alleges these things were done, and appellant makes no complaint with respect thereto. Section 17-1917, so far as here pertinent, reads:

"It shall be the duty of any . . . corporation owning or operating said poles or wires after service of notice, . . . to furnish competent workmen or linemen to remove such poles, or raise or cut such wires, as will be necessary to facilitate removing of such house, . . . The necessary expense which is incurred . . . shall be equally apportioned between, and paid by, all the parties concerned. No person engaged in moving any house, building, derrick, or other structure shall raise, cut, or in any way interfere with any such poles or wires unless the persons or authorities owning or having control of the same shall refuse so to do after having been notified . . . then, only competent and experienced workmen or linemen shall be employed in such work, and in such case the necessary and reasonable expense shall be paid by the owners of the poles and wires handled, and the work shall be done in a careful and workmanlike manner, and the said poles and wires shall be promptly replaced and the damages thereto promptly repaired."

Section 17-1918 makes it unlawful for any person—

"To move, touch, cut, molest, or in any way interfere with any . . . electric power wires or any poles bearing any such wires, except under and in compliance with the provisions of this act."

And section 17-1920 provides the penalty for persons who violate the provisions of the act.

Appellant argues that the statute imposes no duty upon it to move its wires. The statute made it the duty of defendant to furnish competent workmen to remove such poles, or to raise or cut such wires as was necessary to facilitate moving the house along the highway after plaintiff had procured the permit and notice had been given defendant, as the statute provides. Indeed, prior to the enactment of the statute the authorities indicate defendant would have had such a duty upon proper notice. (*Winegarner v. Edison,* 83 Kan. 67, 109 Pac. 778; *Logan v. Electric Co.,* 99 Kan. 381, 161 Pac. 659.)

It is next argued that the statute did not give plaintiff, as an individual, a right to have the wires removed. Supporting this contention it is argued that the statute was a public welfare statute not designed to give individual rights or impose individual liabilities. The point is not well taken. The statute is one designed for the benefit of owners of electric wires constructed and used on highways and to movers of houses or similar structures over the highways, and for the benefit of the general public in the use of the highways. This was developed and clearly stated in *Hawn v. Kansas Gas & Electric*

*Co.,* 122 Kan. 395, 252 Pac. 245, which appears to be the only decision specifically construing the statute.

Appellant contends that assuming the statute imposed a duty upon defendant to move its wires there was no violation of that duty. It is argued defendant did not flatly refuse; it merely requested plaintiff to deposit a small sum to assure his performance of the mutual obligations imposed by the statute. We think the statute does not contemplate such a requirement; rather that it contemplates that defendant should furnish the workmen and move the wires, and that after the expense thereof had been determined the cost should be apportioned between the parties and paid by them. As bearing on this question see *Railway Co. v. Sproul,* 99 Kan. 608, 162 Pac. 293.

Appellant complains of some of the items of damages sought to be collected by plaintiff. It is quite possible plaintiff will not be able to recover all the damages he asks. However, the petition in this case was not motioned. Defendant did not ask to have any of the items of damages stricken. As the case comes to us the simple question is whether plaintiff is entitled to recover any damages. The statute provides in substance that if the owner of the wires shall refuse to move them, after having been notified, that the necessary and reasonable expense incident to their removal shall be paid by the owner of the poles and wires. We think some of the items claimed by plaintiff are recoverable under this statute, hence that the court correctly overruled defendant's general demurrer to the petition. The ruling is affirmed.

HOCH, J., not participating.