No. 44,892

HAROLD STINGLEY, *Appellee*, v. GEORGE ALLISON, *Appellant*.

(436 P. 2d 387)

Opinion filed January 27, 1968.

*Charles L. Davis, Jr.,* of Topeka, argued the cause, and *Byron M. Gray* and *Robert D. Hecht,* both of Topeka, were with him on the brief for the appellant.

*Richard E. Pringle,* of Topeka, argued the cause, and *Michael A. Barbara,* of Topeka, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: This is an action to recover for injuries sustained by plaintiff while assisting in the moving of a house on a highway.

Judgment was for plaintiff—and defendant has appealed.

Defendant was a house-mover, and had contracted with S. & B., contractors, to move a house which was approximately 20 feet high, 30 feet wide, and 50 feet long. On the afternoon in question it was being moved in an easterly direction on a street south of Topeka. Defendant was driving the truck which was pulling the house. Plaintiff was an employee of S. & B., and was not employed by or under the direction or control of defendant. Plaintiff and Hubert Lilly, an employee of defendant, were on the roof of the house.

Their job was to raise wires so that the roof would clear as it passed under them. Other men were in the street "flagging" traffic.

As the house was towed along the street two utility wires were encountered. The first was a telephone wire. Lilly lifted it and "walked" it about half way back on the roof at which point plaintiff took it and turned around with his back toward an "approaching" electric wire which was about 17 feet east of the telephone wire. Plaintiff "walked" the telephone wire to the rear (west) end of the roof and dropped it after it cleared. In the meantime Lilly was facing forward (east) watching for other wires. He saw the electric wire "approach" and clear the front end of the roof. He called out to the defendant "Okay"—whereupon defendant, who was driving the truck—gradually increased his speed. Lilly had not been watching plaintiff and did not warn him of the "approach" of the electric wire. It struck plaintiff—knocking him off of the roof and into the street.

Plaintiff had done this kind of work before and knew of the two wires in question. He did not hear Lilly say anything to him, and did not hear Lilly give the "Okay" signal to defendant. He testified that such work was not dangerous "if everybody does the job he is supposed to do."

The case was submitted to the jury on the question of negligence and contributory negligence. The jury returned a general verdict for plaintiff and answered special questions. It found defendant guilty of negligence and found plaintiff not guilty of contributory negligence. Specifically—the jury found (1) that defendant's employee, Lilly, was negligent in not watching plaintiff as he, plaintiff, "walked" the telephone wire back and as the electric wire approached him, and (2) the signal "Okay" was given by Lilly to defendant before plaintiff was safe from the approaching electric wire.

Defendant's motion for a new trial was overruled. The verdict was approved and judgment entered accordingly. Defendant has appealed.

Although variously stated—defendant's contentions may be said to involve two points.

The first concerns the application of K. S. A. 17-1914, *et seq.*, relating to the duty of a house-mover to give notice to the parties specified in the statute and setting forth the procedures to be followed in the event utility lines along the route are to be involved.

In his petition plaintiff alleged as one ground of negligence the defendant's failure to comply with this statute. In its instructions the trial court removed this matter from consideration of the jury. Defendant complains, however, of the failure to instruct that both an employer and employee are guilty of negligence in moving, touching or interferring with any electric or telephone wires unless it is shown affirmatively by the evidence that the owner of the wires received notice of the moving and then refused to move them.

The purpose, application and effect of the sections of the mentioned statute are discussed and explained in *Cracraft v. Kansas Power & Light Co.*, 163 Kan. 285, 286, 287, 181 P. 2d 318, and it is sufficient to say we believe that as between this plaintiff and this defendant there was no duty—statutory or otherwise—on the part of plaintiff to notify the utility companies or any one else. As between these parties the statute has no application and defendant's contention is without merit.

The other point urged by defendant is that the trial court erred in withdrawing from consideration of the jury the defense of "assumption of risk." It is argued the doctrine is not limited to a master-servant relationship; that regardless of the relationship of the parties there is no duty to warn one of danger which is apparent and known to such person, and that it is contributory negligence as a matter of law—after learning of a danger—to fail to take precautions to avoid injury therefrom.

As abstract generalities—and solely for the sake of argument—the correctness of the foregoing statements may be conceded—but it does not follow that error was committed in the trial of this case. It is clear that plaintiff's evidence asserted negligence on the part of defendant's employee, Lilly—and that defendant's evidence asserted contributory negligence on the part of plaintiff. The jury was fully and properly instructed on the law of contributory negligence and the duty of one to maintain a reasonable lookout for his own safety and that the failure to do so constitutes negligence. In view of the instructions given it was not error to refuse that requested. by defendant—and neither was it error to remove from the jury the question of assumption of risk (*Kleppe v. Prawl,* 181 Kan. 590, 596, 313 P. 2d 227, 63 A. L. R. 2d 175; *Shufelberger v. Worden,* 189 Kan. 379, 369 P. 2d 382).

The verdict and special findings are supported by the evidence. No error being shown—the judgment is affirmed.